GINSBURG et ux. v. ARNOLD, Former Acting Collector of Internal Revenue.

Civ. No. 2775.

United States District Court
N. D. Texas, Dallas Division.
March 7, 1950.

---

* See 63 Harvard Law Review, page 520, Jan. 1950.

904

R. U. Simon, Frank B. Appleman, Harry C. Weeks, Fort Worth, Texas, for plaintiffs.

Rhodes S. Baker, Assistant Attorney General of the United States, Frank B. Potter, United States Attorney, Fort Worth, Texas, O. M. Harrell, Assistant United States Attorney, Dallas, Tex., for defendant.

ATWELL, Chief Judge.

The case is carefully reviewed as to law and facts, in 176 F.2d 879, 884, by the Circuit Court of Appeals for the 5th Circuit, which makes it unnecessary to enlarge this opinion by any further recital, except, to say that the court first affirmed the judgment rendered by this court at trial, for the defendant. That affirmance was dissented to by Circuit Judge Waller, whose dissent is also fully shown in the above report.

That dissent called attention to certain features that he thought the record on the first trial did not show had entered into the consideration and final judgment of the trial court. Later, one of the majority judges died and, therefore, on petition for re-hearing with the new Circuit judge present, a per curiam, expression, reversed the lower court and remanded it to that court for further consideration of the evidence "heretofore or hereafter" introduced, and, "for the application of the legal principles announced by the Supreme Court in the case of Commissioner v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, and in accordance with the order of this court in Seabrook v. Commissioner, [5 Cir.] 176 F.2d 605."

Accordingly, the opinion, the dissent, and the per curiam order, are considered, together with the testimony introduced by both sides upon this hearing.

The partnership between the senior Ginsburg, his son, Arthur, and the two daughters, Jeannette and Helen, was nothing but a re-allocation of the property which belonged to Mr. Ginsburg and his wife, so as to vest in the three children each 15% of such properties. That relationship as between those parties and as to others who might collaterally attack, may be found to be valid. But, as a reason for the defeat of income tax, it is invalid, and not bona fide, since the properties that were transferred by the father and mother to the children, were properties which would, in any event, upon the failure of the business, or, upon the death of the father and mother, vest in the children. Neither of the children contributed anything in the way of services, capital, nor influence, to the business or partnership, directly, or, indirectly. Neither of the children was of any benefit to the alleged partnership. Ginsburg, Sr., continued to be the authority and exclusive word in the management and conduct of the business as he had been before such attempt. Even the withdrawals that were made by the children, after the alleged partnership, were necessarily approved by him before the bookkeeper issued checks to them for such

withdrawals, and, such withdrawals were not, in any sense, based upon the alleged 15% ownership, but were in such amounts as the children apparently needed at that particular moment.

It must be borne in mind that the Congress has the authority to fix the longitude and latitude of the rudiments and necessities of a partnership in order to escape income tax dues by the owner of a business. Section 181, Internal Revenue Code, 26 U.S.C.A. § 181. Such tax cannot be defeated by a paper partnership in which the new individuals bring nothing in the shape of a benefit, capital, or, service.

The father Ginsburg continued to be the sole guide and spirit of the business. He was in charge of checks, distribution, and bank account, and his personality was such as to denominate him as, "he who earned it."

Judgment must go for the defendant.